## R. W. HOLT *v.* WAIALUA AGRICULTURAL COMPANY, LTD., A CORPORATION.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JUNE 22, 1907.          DECIDED JUNE 28, 1907.

WILDER, J., AND CIRCUIT JUDGES DE BOLT AND LINDSAY IN PLACE OF FREAR, C.J., AND HARTWELL, J.

LANDLORD AND TENANT—*eviction.*

> In an action by a landlord against his tenant for rent the removal of a barn from the demised premises by the landlord without the consent of the tenant is held, on the evidence, not to constitute an eviction, and, therefore, no defense to the action.

### OPINION OF THE COURT BY WILDER, J.

This is an action of assumpsit to recover two instalments of rent of $600 each, due on October 1, 1904, and October 1, 1905, respectively, under a lease from plaintiff to defendant of all his "undivided leasehold, right, title and interest" in two pieces of land at Waialua, Oahu, containing an area of over 12,000 acres. The defense relied on was an eviction of defendant by plaintiff, the evidence showing that in February, 1905, plaintiff removed a barn from the demised premises. The case was tried by the circuit court, jury waived, judgment being rendered for defendant. Plaintiff comes to this court on exceptions from the denial of his motion for a new trial.

It is well settled that an eviction of a tenant by his landlord from the demised premises is a bar to an action for rent accruing subsequent thereto, and it is equally well settled that in order to constitute an eviction it is not necessary that there should be an actual physical expulsion of the tenant from the premises. Any act of a grave and permanent character done by the landlord with the intention of depriving the tenant of the enjoyment of the demised premises may be treated as an eviction,

..hat is, it must be something more than a mere trespass.   See *Upton v. Townsend,* 17 C. B. 30; *Royce v. Guggenheim,* 106 Mass. 20; *De Witt v. Pierson,* 112 Mass. 8; *Barrett v. Boddie,* 158 Ill. 479; *Talbot v. English,* 156 Ind. 307.   It is correctly contended by defendant that the finding of the trial court under the circumstances of this case that there was an eviction has the force and effect of a verdict of a jury, and consequently that it cannot be set aside if there is any evidence to sustain it.   It thus becomes necessary to ascertain whether there was any evidence to support the finding.

The barn was a small one and an old one, and located in the midst of a dense growth of lantana.   It was removed by plaintiff without the consent or knowledge of defendant some time in February, 1905, by permission of one who claimed to be a cotenant of defendant.   The barn was an insignificant and minute part of the premises demised.   Defendant's possession of all of the land leased, over 12,000 acres in extent, was the same after as before the removal of the barn.   We are of the opinion that the record discloses no evidence showing that the acts of the landlord amounted to more than a mere trespass, if anything, and that consequently the finding of the trial court that there was an eviction must be reversed.

It is conceded by defendant that plaintiff is entitled to a judgment for $600, being the instalment of rent due October 1, 1904, which was prior to the time of the alleged eviction, so that in any event the exceptions will have to be sustained.

Defendant also contended in the trial court that there was an eviction, irrespective of the removal of the barn, by reason of a judgment against it in a proceeding for summary possession instituted by a third party.   That contention was overruled.   Although the record in that summary possession suit was introduced in evidence in the lower court, it was not brought to this court as a part of the record, and consequently was not considered in the briefs or argument.   It is now sought by stipulation filed since the argument to certify up to this court

other exhibits, including the one just mentioned, and to have considered by this court other rulings made by the trial court, presumably in connection with the record in the summary proceeding suit. This course does not commend itself to the court, and consequently it declines to discuss any other matters.

The exceptions are sustained, the judgment set aside and a new trial ordered.

*A. G. M. Robertson* and *W. C. Achi* for plaintiff.

*D. L. Withington, (Castle & Withington* and *C. W. Ashford* on the brief), for defendant.